[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 17, 2010
JOHN LEY
CLERK

No. 10-12180
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-20997-JAL-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANELI MUNOZ-ANGELES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 17, 2010)

Before EDMONDSON, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Anele Munoz-Angeles was convicted for illegal reentry into the United States

and now appeals her sentence of 16 months' imprisonment. She argues that the sentence is substantively unreasonable because it exceeds what is necessary under 18 U.S.C. § 3553(a). Specifically, she claims that the district court placed overly great weight on her criminal history without properly taking into consideration her ongoing mental treatment and psychological problems caused by various traumatic life events.

We review a district court's imposition of a sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). First, we must determine whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the [sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." *Id.* at 51. The district court need not have discussed each § 3553(a) factor individually, but need only have acknowledged that it considered the defendant's arguments and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam).

If we determine that the district court's decision was procedurally sound, we next consider the substantive reasonableness of the sentence imposed, taking into account "the totality of the circumstances." *Gall*, 552 U.S. at 51. Where the sentence falls within the guideline range, we are free to apply a presumption of reasonableness,

*id.*; the district court need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). To ensure that the sentence imposed is reasonable, we may compare it to the statutory maximum. *See, e.g.*, *United States v. Valnor*, 451 F.3d 744, 751–52 (11th Cir. 2006) (upholding a sentence as reasonable in part because it was "appreciably below" the statutory maximum).

Because our review is deferential—not *de novo*—we will not substitute our judgment for the discretion of the district court in according weight to the relevant § 3553(a) factors. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (citation omitted). Although a district court's unjustified reliance on any one § 3553(a) factor can indicate an unreasonable sentence, *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008), a district court is free to attach "great weight" to one factor over others. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) (citations omitted). Moreover, the fact that we might "reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. A district court should consider "every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."

*Id.* at 52. (citation omitted) (internal quotation marks omitted). However, "[t]he uniqueness of the individual case . . . does not change the deferential abuse-of-discretion standard of review that applies to all sentencing decisions." *Id.*

Finally, the party challenging the sentence bears the burden of establishing that the sentence is unreasonable in light of both the record and the § 3553(a) factors. *Talley*, 431 F.3d at 788. The § 3553(a) factors include, *inter alia*: the applicable sentencing-guidelines range; the need to avoid unwarranted sentencing disparities among defendants with similar records; the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense and adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1), (2), (4) & (6).

Upon sentencing Munoz-Angeles, the district court acknowledged that it had considered the statements of the parties, the pre-sentence investigation report with its advisory guidelines, and the § 3553(a) factors. Since the district court committed no procedural error—and Munoz-Angeles does not argue otherwise—the only question remaining for us is whether the sentence was substantively reasonable.

Considering the totality of the circumstances, we conclude that the district

court did not abuse its discretion in determining that the record and § 3553(a) factors supported a sentence of 16 months' imprisonment. A sentence of 16 months falls within the guidelines range and is far below the statutory maximum of ten years' imprisonment. Moreover, the record does not support Munoz-Angeles's claim that the district court placed unjustifiably great weight on her criminal history—the court acted within its discretion when it accorded weight to her history and characteristics, including her criminal record. As her sentencing hearing was advanced only by five days, Munoz-Angeles had sufficient time (over two months between the plea hearing and sentencing hearing), to submit documentation about her mental health and treatment. However, Munoz-Angeles failed to submit any such evidence at the sentencing hearing, and she did not object to the statements in the pre-sentence investigation report that she had not been diagnosed with any mental disorder. The district court took account of Munoz-Angeles's individual circumstances when deciding her sentence; we will not substitute our judgment for its decision.

Accordingly, we conclude that the district court did not abuse its discretion in sentencing her to 16 months' imprisonment. Munoz-Angeles has failed to carry the burden of establishing that her sentence was substantively unreasonable in light of the record and the § 3553(a) factors.

**AFFIRMED.**